## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **v.** | **:** | **MAG. NO. 20 MJ 248 (ZMF)** |
| | **:** | |
| **MICHAEL MCKAY,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I.  Procedural History

The defendant is charged by Criminal Complaint dated December 10, 2020, with one count each of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At today's initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report.   Upon agreement with the defense and in light of the current national public health emergency related to COVID-19, the government intends to immediately proceed to the detention hearing.

## II.  Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).  Specifically, the presentation of hearsay evidence is permitted.  Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).   Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."  United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992).   A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.  Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.  See 18 U.S.C. § 3142(g).  A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community.   See 18 U.S.C. § 3142(e)(1).

### A.      Nature and Circumstances of the Offenses Charged

The first factor for the Court's consideration, the nature and circumstances of the offense charged, weighs in favor of detention.  On Sunday, December 9, 2020, at approximately 5:42 p.m., members of the Metropolitan Police Department (MPD) Seventh District we dispatched a

2

call for an "aggravated assault by a man with a gun" at an apartment building located at 3401 15th Street Southeast in Washington, D.C.   That call originated from two men who, while working in the building's plumbing in the basement, heard gunshots from an upstairs apartment, Apartment Number 1.   Upon hearing the gunshots, the men also observed that a bullet had come through the ceiling of the basement, leaving a hole, and the police recovered a small fragment of a bullet from the hole in the ceiling.   At the same time, an unidentified object, believed to be a bullet fragment, struck one of the workers in the forehead causing a minor injury.   The workers also reported seeing an individual in Apartment Number 1 in possession of a firearm earlier that day, while they were working on the plumbing in the kitchen.

The initial responding officers requested that additional officers report to the apartment building. While waiting for back up, officers observed the defendant, Michael McKay, peering out of a window located in Apartment Number 1 several times, before eventually turning off the lights. Once back-up officers arrived, they knocked on the door of Apartment Number 1 and the defendant answered.   Officers then ordered the defendant out of the apartment, detained him, and advised him that they were going to perform a protective patdown.   As soon as Officer Frederique began the patdown, he felt a firearm in the defendant's waistband and immediately removed it.   Around the same time, the defendant stated that the gun was not his, but when officers responded that the gun was found in his waistband, he indicated that people were trying to kill him and to look at a scar he had on his arm from a prior stabbing.   Additionally, while officers searched the defendant incident to arrest, a shell casing along with some coins fell from one of his pockets.

After that, officers entered Apartment Number One to check for possible shooting victims and found no one else located inside. However, officers did observe in the apartment floor, what

was believed to be a bullet hole that was consistent with the hole in the basement's ceiling.

Upon further inspection, the recovered firearm was determined to be a Beretta, model 92Fs, .9 millimeter handgun with an unreadable serial number.   When it was recovered, it was loaded with one one round in the chamber and fifteen rounds in a magazine.[1]

### B.   Weight of the Evidence against the Defendant

The second factor for the Court's consideration, the weight of the evidence, also surely weighs in favor of detention. The evidence against the defendant is strong.   The gun was found on the defendant's person and he acknowledged as much in an exchange with officers on scene, despite stating that the gun was not his. Moreover, in a video-recorded interview after his arrest, the defendant acknowledged that he had a gun on his person when encountered by the police and that the gun had gone off during a tussle with another, unidentified individual.

### C.   The Defendant's History and Characteristics

The third factor, the history and characteristics of the defendant, similarly weigh in favor of his detention. The defendant has two prior first-degree burglary convictions from Baltimore, Maryland.   The defendant sustained the first, first-degree burglary conviction on May 21, 2007 under Case Number 03K07000515 and was sentenced to five years incarceration, and the second on January 29, 2013 under Case Number 03K12005840, where he was sentenced to 10 years incarceration, suspended as to all but four years, followed by a year and a half of supervision.

### D.   Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community

---

[1] At the time of the filing of this Memorandum, the Government was unable to access the Metropolitan Police Department Digital Information Management system (otherwise known as DIMS) because of a system-wide outage, and as a result, are unable to provide photographs of the recovered firearm and/or ammunition.

posed by the defendant's release, also weighs in favor of detention.   In addition to the defendant's two first-degree burglary convictions, the facts underlying the instant offense are deeply troubling. Of course, here, the officers initially responded to the subject apartment where the defendant was located because a gun had been discharged in that apartment, resulting in a bullet going through the floor and into a basement where two men were working.   While those men largely were unscathed, it cannot be ignored that their fates very well could have been different under the circumstances.   And, regardless of the defendant's later recounting of what led to the bullet being discharged, in this case, the defendant not only possessed a firearm on his person, with one round in the chamber, but also 15 live rounds of ammunition in an extended magazine.

Therefore, based on those facts, together with the defendant's criminal history, the Government believes there to be no condition or combination of conditions that would ensure the safety of the community and asks that this Court detain the defendant during the pendency of this case.

### III.  Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
New York Bar No. 4444188

By:   /s/ *Kelly L. Smith*
Kelly L. Smith
New York Bar No. 5321971
Assistant United States Attorney
Federal Major Crimes Section
United States Attorney's Office for D.C.
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
E-mail: Kelly.Smith@usdoj.gov
Telephone: (202) 436-5921

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Tony Miles, Esq., this 10th day of December 2020.

/s/
Kelly L. Smith
Assistant United States Attorney

6